**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HITOSHI OMBE,

        Plaintiff,

v.                                  No. 16cv1114 RB/LF

GEORGE COOK, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND**
**DISMISSING COMPLAINT**

      **THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 10, filed December 27, 2016 ("Application"), on his Amended Complaint, Doc. 9, filed December 27, 2016, and on his Special Demand to the Court, Doc. 3, filed October 7, 2016.   For the reasons stated below, the Court will **GRANT** Plaintiff's Application, **DISMISS** Plaintiff's Amended Complaint **without prejudice**, and **DENY** his Special Demand to the Court.   Plaintiff shall have 21 days from entry of this Order to file a second amended complaint.   Failure to timely file a second amended complaint will result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

      The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

      When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).   "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).   "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."   *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.   Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and that the following information is true: (i) his monthly income during the past 12 months was $990.00 and that his expected income next month is $1,010.00; (ii) his monthly expenses are $1,011.00; (iii) he has $300.00 in cash, $1,515.00 in bank accounts, and his only asset is a vehicle valued at $5,000.00; and (iv) he is unemployed.   The Court finds that Plaintiff is unable to pay the filing fee because his monthly expenses exceed his monthly income and he is unemployed.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such

2

relief." *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."   *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."   *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.   *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.   *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).   However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff, a 65 year old man of Japanese origin with autism spectrum disorder and neurocognitive impairment, is proceeding *pro se* and is asserting claims pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and the Age Discrimination in Employment Act ("ADEA").   *See* Amended Complaint at 7.   Plaintiff complains of various actions during the course of his employment including: (i) he "was subjected to work in very distressfull [sic] environment;" (ii) mistreatment in work environment with very antiquated management principles; (iii) change in work schedule with 40% reduced time; (iv) lazy

and dishonest coworkers; (v) bullying; (vi) being written up without legitimate reasons; (vii) failure of others to communicate professionally; and (viii) failure to communicate properly with Plaintiff knowing he has autism spectrum disorder.  *See* Complaint ¶¶ 15 at7, 17 at 7, 23 at 9, 31-32 at 12, 36 at 13, 42 at 14, 44 at 14, 14 at 15.

**Americans with Disabilities Act**

To establish a prima facie case of disability discrimination under the ADA, Plaintiff must show that he "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job ...; and (3) suffered discrimination by an employer ... because of that disability."  *EEOC v. C.R. England, Inc.,* 644 F.3d 1028, 1037–38 (10th Cir.2011) (internal quotation marks omitted). To satisfy the third prong, "a plaintiff generally must show that [s]he has suffered an adverse employment action because of the disability." *Id.* at 1038 (internal quotation marks omitted) ("The Tenth Circuit has liberally define[d] the phrase adverse employment action, and takes a case-by-case approach, examining the unique factors relevant to the situation at hand, . . . .   In general, [o]nly acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action") (internal citations and quotation marks omitted).

Discrimination under the ADA also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee [.]"  *Mason v. Avaya Communications, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004).

> To facilitate the reasonable accommodation, [t]he federal regulations implementing the ADA envision an interactive process that requires participation by both parties.  However, before an employer's duty to provide reasonable accommodations—or even to participate in the "interactive process"—is triggered under the ADA, the employee must make an adequate request, thereby putting the employer on notice.  Although the notice or request does not have to be in writing, be made by the employee, or formally invoke the magic words 'reasonable accommodation,' it nonetheless must make clear that the employee wants assistance *for his or her disability*. That is, the employer must know of both the disability and the employee's desire for accommodations for that disability.

*EEOC v. C.R. England, Inc.,* 644 F.3d 1028, 1049 (10th Cir.2011) (citations and internal quotation marks omitted).

Plaintiff fails to state a claim under the ADA for both discrimination and failure to accommodate his disability.   Plaintiff identifies a number of aspects about his employment that he is unhappy with.   Some of those, for example the presence of lazy and dishonest coworkers, are not adverse employment actions.   For others which may be adverse employment actions, such as reducing his work hours 40 percent, Plaintiff does not allege that he suffered those actions because of his disability.   With regard to a failure to accommodate claim, Plaintiff alleges that some of the Defendants knew about his disability and that his disability made communication difficult, however, Plaintiff does not allege that he requested that they provide assistance or make reasonable accommodations for his disability.

**Title VII of the Civil Rights Act**

"Title VII makes it unlawful to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."   *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  "To set forth a prima facie case of discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she

5

suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d at 1192; *see also Kenfield v. Colorado Dep't of Public Health and Environment*, 557 Fed.Appx. 728, 731 (10th Cir. 2014) ("Generally, to establish a prima facie case of discrimination, a plaintiff must show that: (1) she "belongs to a protected class"; (2) she "suffered an adverse employment action"; and (3) "the challenged action took place under circumstances giving rise to an inference of discrimination").

Plaintiff fails to state a claim pursuant to Title VII because he has not alleged any facts that the alleged adverse employment actions took place under circumstances giving rise to an inference of discrimination based on Plaintiff's race or national origin.  The only allegations relating to Plaintiff's race and national origin are: (i) Plaintiff "is of Japanese origin, consequently Asian origin.  Consequently, Title VII of Civil Rights Act of 1964 as Amended is applicable," Complaint ¶ 7 at 4; (ii) "My work standard is a direct reflection of [autism spectrum disorder] and of my Japanese origin.   One aspect of [autism spectrum disorder] characteristics is perfectionism. Japanese professionalism has also similar meaning," Complaint ¶ 15 at 6 ; (iii) "This is because Jeffrey Anderson took advantage of my weak verbal fluency," Complaint ¶ 20 at 8; (iv) "This dirtiness is unbearable or unacceptable for Japanese even adjusted to the local situations," Complaint ¶ 28 at 11; (v) "The general pra[c]tices of Clines Corners are incompatible with my Japanese origin and possib[le] Asian origin," ¶ 67 at 19; (vi) "The attitude demonstrated here is offensive to Japanese people," ¶ 68 at 19; and (vii) "The facts violate the plaintiff right under Title VII (national origin and/or asian) of Civil Rights Act of 1964 as Amended, including damage provisions," Complaint¶ 84 at 22.

**Age Discrimination in Employment Act**

"Under the ADEA, it is unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." *Simmons v. Sykes Enterprises, Inc.*, 647 F.3d 943, 947 (10th Cir. 2011). "The ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act. In other words, we must determine whether age was a 'but-for' cause, or 'the factor that made a difference." *Simmons v. Sykes Enterprises, Inc.*, 647 F.3d at 947.

Plaintiff fails to state a claim pursuant to the ADEA because he has not alleged any facts showing that his employer took an adverse employment action because of Plaintiff's age. The only allegations referring to Plaintiff's age are: (i) Plaintiff "is also protected by Age Discrimination in Employment Act of 1967 as Amended because of his age," Complaint ¶ 7 at 4; (ii) "Attachment 10 includes my protest to Jeffrey Anderson's demand to ignore my doctor's general advice: once one reaches age 60, one must be very careful," Complaint ¶ 15 at 7; and (iii) "The facts violate the plaintiff right under Age [Discrimination] in Employment Act of 1967 as Amended, including damage provision," Complaint ¶ 86 at 9.

**Dismissal of Complaint and Leave to File Amended Complaint**

The Court will dismiss the Amended Complaint for failure to state a claim. Plaintiff shall have 21 days from entry of this Order to file a second amended complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings"). Failure to timely file a second amended complaint will

7

result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files a second amended complaint which states a claim, and which includes the address of each defendant named in the second amended complaint.

**Special Demand to the Court**

The Court will deny Plaintiff's Special Demand to the Court.   Plaintiff's Special Demand to the Court indicates that Plaintiff suffers from autism spectrum disorder, asserts that individuals not "assimilated with autistic community" and without "abilities to properly understand autism spectrum disorder" "cannot handle the case properly," and appears to demand a judge with "substantial knowledge and understanding of autism spectrum disorder with associated neurodevelopmental disabilities to be assimilated with autistic community."   Doc. 3 at 1-2. Plaintiff does not assert any grounds listed in 28 U.S.C. § 455, Disqualification of justice, judge, or magistrate judge, which would warrant disqualification of the judges currently assigned to this case.   *See United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) ("[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to

do so when there is").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 10, filed December 27, 2016, is **GRANTED.**

(ii) Plaintiff's Amended Complaint, Doc. 9, filed December 27, 2016, is **DISMISSED without prejudice.**   Plaintiff may file a second amended complaint within 21 days of entry of this Order.

(iii) Plaintiff's Special Demand to the Court, Doc. 3, filed October 7, 2016, is **DENIED.**

_____

**UNITED STATES DISTRICT JUDGE**