# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

    Plaintiff,

v.               No. 16cv1114 RB/LF

GEORGE COOK, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

   **THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Amended Complaint (Doc. 26 (2d Am. Compl.)), filed March 28, 2016. For the reasons stated below, the Court will **DISMISS** this case **without prejudice.**

   Plaintiff, a 65 year old man of Japanese origin with autism spectrum disorder and neurocognitive impairment, proceeding *pro se*, asserted claims pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). (*See* 2d Am. Compl. at 7.)

   After setting forth the allegations necessary to state claims under the ADA, Title VII and the ADEA, the Court found that Plaintiff failed to state a claim: (i) under the ADA because he did not allege that he suffered adverse employment actions "because of his disability," and did "not allege that he requested that [his employers and coworkers] provide assistance or make reasonable accommodations for his disability]"; (ii) "pursuant to Title VII because he has not alleged any facts that the alleged adverse employment actions took place under circumstances giving rise to an inference of discrimination based on Plaintiff's race or national origin;" and (iii) "pursuant to the ADEA because he has not alleged any facts showing that his employer took an adverse

employment action because of Plaintiff's age." (Doc. 24 at 5–7.) The Court dismissed the Amended Complaint without prejudice and granted Plaintiff leave to file a second amended complaint. Plaintiff subsequently filed his Second Amended Complaint which asserts claims under the ADEA, Title VII, the ADA, other unspecified federal laws and state law.

**Age Discrimination Claims**

The Court will dismiss Plaintiff's age discrimination claims for failure to state a claim. Despite notifying Plaintiff that to state a claim pursuant to the ADEA he must allege facts showing his "employer took adverse action 'because of' age [meaning] that age was the 'reason' that the employer decided to act," (*see* Doc. 24 at 7), Plaintiff's Second Amended Complaint does not allege any facts showing that his employer took any adverse employment action because of Plaintiff's age. The only allegations in the Second Amended Complaint regarding age are:
(i) Plaintiff "is 60+ years of age;" (ii) "The plaintiff is protected by Age Discrimination in Employment Act;" (iii) "Denials of healthcare needs included involuntary delay of eye surgery which was required because of the plaintiff['s] age;" and (iv) several conclusory allegations that Defendants discriminated against Plaintiff because of his age such as "defendant (have) discriminated against the plaintiff because . . . of [plaintiff's] age." (2d Am. Compl., ¶ 7 at 2, ¶ 18 at 4, ¶¶ 34–36 at 6–7, ¶¶ 39–40 at 7, ¶ 45 at 8, ¶ 52 at 9, ¶ C-6 at 17.)

**National Origin Discrimination Claims**

The Court will dismiss Plaintiff's national origin/race discrimination claims for failure to state a claim. Despite notifying Plaintiff that to state a claim pursuant to Title VII he must allege facts showing that the alleged adverse employment actions took place under circumstances giving rise to an inference of discrimination based on Plaintiff's race or national origin, (*see* Doc. 24 at 6),

Plaintiff makes no such allegations in his Second Amended Complaint. The only allegations in the Second Amended Complaint regarding discrimination based on national origin or race are: (i) Plaintiff "is of Japanese origin, consequently Asian;" (ii) "The plaintiff is protected by Title VII of Civil Right Act of 1964;" (iii) Defendants have "begun to sell cheap wooden toy Katana (Swords) made in China. The plaintiff sold these a few times. Since the KATANA could not fit into the general concept of the store, this kind of business practices are discriminatory against Japanese. Katana is Cultural Treasury of Japan, not commodity;" and (iv) several conclusory allegations that Defendants discriminated against Plaintiff because of his "Nation Origin/or Asian." (2d Am. Compl., ¶ 7 at 2, ¶¶ 15–16, ¶¶ 31–21 at 6, ¶¶ 35–36 at 6–7, ¶¶ 39–40 at 7, ¶ 50 at 9, ¶ A-6 at 13, ¶¶ A-9 – A-10 at 14, ¶ B-2 at 15, ¶ C-1 at 16, ¶C-4 at 17, ¶ C-15 at 20, ¶¶ E3–E5 at 22-23, and ¶ I-4 at 28.)

**Disability Claims**

The Court will dismiss Plaintiff's disability claims because the Second Amended Complaint fails to state a claim under the ADA for both discrimination and failure to accommodate Plaintiff's disability.

The Court set forth the elements of a disability discrimination claim under the ADA and notified Plaintiff that he must show that he has suffered an adverse employment action because of the disability. (*See* Doc. 24 at 4.) Plaintiff makes numerous conclusory allegations that Defendants discriminated against him because of his disability, but "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). (*See also*, *e.g.*, 2d Am. Compl. ¶ 32 at 6, ¶ 36 at 7, ¶ A-11 at 15 ("defendant's operating and employment practices are

3

discriminatory," "The defendants (have) discriminated against the plaintiff because of the plaintiff DISABILITIES," "This is/was clearly Discrimination against the plaintiff DISABILITIES").) Plaintiff characterizes the actions of the Defendants as "discriminatory" where they cause Plaintiff distress due to his disability. (*See*, *e.g.*, 2d Am. Compl. ¶ A-2 at 12, ¶ A-6 at 13¶ C-1, C-2, C-3 at 16, ¶ E3 at 22 ("lack of genuine communication consistent with Autistic Disability," failure "to express genuine recognition of the value of the plaintiff provided to the store," telling lies, making excuses such as "cleaning dust on the shelves is more important than cleaning coffee counter because George said so," dealing with "lazy and irresponsible" persons, taking a picture of plaintiff).) The factual allegations in the Second Amended Complaint do not show that Defendants discriminated against Plaintiff because of his disability; they only show that because of his disability, the behavior of other persons causes Plaintiff distress. *See Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1188 (10th Cir. 2003) ("Discrimination" as used in the ADA "means treating a qualified individual with a disability differently because of the disability, that is, disparate treatment." "Discrimination" also includes failing to provide a reasonable accommodation and using qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability, that is, disparate impact).

Plaintiff states in his Second Amended Complaint that he needs accommodations for his disability:

> Because of [his] disabilities, the plaintiff needs accommodations in order to maintain his major life activities.
>
> The plaintiff needs/needed accommodations to CLEARLY COMMU[N]ICATE with the management and CLEARLY UNDERSTAND necessary information to perform his duties <u>without awfully lots of inner distress because of the DISABILITIES.</u>

(2d Am. Compl. ¶ 13 at 4, ¶ 23 at 5.) Plaintiff also alleges that Defendants knew that Plaintiff is disabled. (*See* 2d Am. Compl. ¶ 26 at 5, ¶ C-12 at 19, ¶ D2 at 20, ¶ E2 at 21.) However, the Second Amended Complaint does not allege that Plaintiff requested assistance for his disability. (*See* Doc. 24 at 5 (informing Plaintiff that he failed to state a claim under the ADA for failure to accommodate his disability because he did "not allege that he requested that [Defendants] provide assistance or make reasonable accommodations for his disability) (quoting *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011) ("before an employer's duty to provide reasonable accommodations . . . is triggered under the ADA, the employee must make an adequate request" and the request "must make clear that the employee wants assistance for his or her disability")).)

**Other Federal Law Claims**

Plaintiff asserts that the "stated facts violate any other applicable federal . . . laws." (2d Am. Compl. ¶ 54 at 9.) Plaintiff does not identify those other applicable federal laws and the Court will not seek to identify which other federal laws may be applicable. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (it is not the proper function of the district court to assume the role of advocate for the pro se litigant). The Court will dismiss without prejudice any claims that Plaintiff may be asserting under "any other applicable federal laws."

**State Law/Tort Claims**

Plaintiff also asserts that the facts show Defendants violated "state laws as well as tort law." (2d Am. Compl. ¶ 54 at 9.) The Court, having dismissed all of Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction

5

over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

Having dismissed all of Plaintiff's federal law claims without prejudice and declining to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court will dismiss this case without prejudice.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**